IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                               **Case No. 02-40014-01-RDR**

ANDRE C. RHOINEY,

           Defendant.

## MEMORANDUM AND ORDER

This case is now before the court upon defendant's motion for return of property, pursuant to FED.R.CRIM.P. 41(g). This rule provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The rule has been considered to provide an equitable remedy available only to a defendant who can show irreparable harm and an inadequate remedy at law. Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999).

The facts in this matter do not appear to be in dispute. Defendant was arrested during a traffic stop conducted by the Topeka Police Department. A search produced illegal drugs and $706.00 in currency. A federal prosecution was pursued with the filing of the above-captioned case. Eventually, defendant pleaded

guilty to a charge of possession with the intent to distribute 5 grams or more of cocaine base. Defendant was sentenced to 100 months imprisonment. He filed a notice of appeal which challenged the search of his vehicle. The Tenth Circuit affirmed the rulings of this court.

On July 31, 2006 the Shawnee County District Attorney's Office filed a civil forfeiture action with regards to the drugs and currency involved in this case. Defendant has been served with notice of the forfeiture action and has filed an answer. The matter is currently pending in the district court for Shawnee County, Kansas.

Defendant filed the instant motion for return of property in this court on November 9, 2006. Defendant seeks return of the $706.00 asserting that he was in lawful possession of the funds and that the money was not connected with illegal activity. It appears undisputed that the currency is in the actual possession of state law enforcement authorities.

The government opposes defendant's motion by relying upon U.S. v. Copeman, 458 F.3d 1070 (10th Cir.) cert. denied, 127 S.Ct. 453 (2006) and other cases. In Copeman, the court was faced with facts similar to those present here. A criminal defendant filed the motion seeking the return of property seized by Oklahoma law enforcement officers during an investigation that led to federal charges. The property was in the possession of state law

enforcement officers when the defendant filed the motion for its return, and the property was subject to state judicial forfeiture proceedings.

The district court denied the motion for return of property in Copeman and this result was affirmed by the Tenth Circuit for two reasons.  First, the federal government was not in actual or constructive possession of the property in question.  Second, the defendant had an adequate remedy at law in the state courts of Oklahoma.

Defendant asserts that this court should not follow the holding in Copeman for several reasons.  First, defendant notes that the movant in Copeman was proceeding pro se.  This is true, but it does not cause this court to diminish the precedential power of the decision.

Second, defendant contends that the movant in Copeman never claimed that the property he sought was ever evidence in a federal prosecution.  Defendant contends that the currency in this case is still in the "constructive possession" of the federal government because at one point in this case it had the potential to be used as evidence.  Defendant further asserts that this potential hypothetically remains because a new trial could be granted on the basis of a § 2255 motion.

We reject this line of argumentation because the court in Copeman holds that the federal government will not be considered in

3

"constructive possession" of property held by state authorities unless that property has potential use as evidence in a federal prosecution. 458 F.3d at 1072. We further find that the chance that a new trial might be granted on the basis of an unfiled § 2255 motion does not create a reasonable potentiality that the property will be used as evidence.

Finally, defendant seeks to mitigate the authority of Copeman by asserting that Copeman is inconsistent with the holding in Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999). Defendant notes that Copeman holds that constructive possession may be found when the property "is being held for potential use as evidence in a federal prosecution" (458 F.3d at 1072), whereas Clymore uses the past tense and states that there may be "constructive federal possession where the property was considered evidence in the federal prosecution." 164 F.3d at 571. However, Copeman characterizes the Clymore holding as requiring a present potential for use as evidence in a federal prosecution. We are bound to follow the Tenth Circuit's interpretation of its own cases. Therefore, we reject defendant's final attempt to distinguish or extinguish Copeman as controlling authority.

We also note that in Copeman the Tenth Circuit used as independent grounds for denying the motion to return property the fact that the movant had an adequate remedy in the state courts. The same grounds are present here. Defendant attempts to

distinguish Copeman on this point by again claiming that the federal government has constructive possession of the currency. We reject this point for two reasons. First, it does nothing to deny the adequacy of the state court remedy when the state has actual possession of the property. Second, under the Copeman result, the federal government does not have constructive possession of the currency at issue here.

The motion for return of property shall be denied.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2006 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge